IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN ANDERSON, | : |
| Petitioner, | : |
| | : CIVIL NO. 5:16-CV-0357-MTT-MSH |
| VS. | : |
| HILTON HALL, | : |
| Respondent. | : |

## ORDER

Petitioner John Anderson, an inmate confined at the Coffee Correctional Facility in Nichols, Georgia, has filed a pleading in this Court by which he intends to "reserve his right to a federal habeas corpus under 28 U.S.C. § 2254 while he awaits the exhaustion of all . . . post-conviction remedies and state habeas corpus . . . ." Petition (ECF No. 1).

"The federal habeas corpus statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and interpreted by the United States Supreme Court, limits the power of a federal court to grant a writ of habeas corpus vacating the conviction of a state prisoner . . . ." *Hardy v. Commisioner*, *Ala. Dept. of Corr.*, 684 F.3d 1066, 1074 (11th Cir. 2012) (citing *Cullen v. Pinholster*, -- U.S. --, 131 S.Ct. 1388, 1398 (2011); 28 U.S.C. § 2254(b)–(c)). One of those limitations is that a district court "may not grant such applications unless . . . the applicant has exhausted state remedies." *Cullen*, 131 S.Ct. at 1398. A state prisoner is thus required (with few exceptions) to "exhaust available state judicial remedies <u>before</u> a federal court will

entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added).

"A failure to exhaust occurs . . . when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Secretary for Dept. of Corr.* 680 F.3d 1271, 1284 (11th Cir. 2012) (internal alterations omitted); *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam).  The exhaustion requirement thus reflects a policy of comity between state and federal courts. *Picard*, 404 U.S. at 274.  It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.*  "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013).

In this case, Petitioner plainly states that he is still in the process of pursuing his state remedies and only wishes to reserve his right to file a federal petitioner at some later time.  Lack of exhaustion is thus plain on the face of Petitioner's application.  *See id.*  Because this failure to exhaust cannot be cured by amendment, Petitioner's pleading is **DISMISSED WITHOUT PREJUDICE**.  Once Petitioner has afforded the State a full opportunity to review his grounds for relief, he may return to federal court, if necessary.[1]

---

1 A one-year statute of limitations applies to federal habeas petitions. 42 U.S.C. § 2244.  Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." The Act also provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Because it is clear on the face of the pleading that Petitioner did not exhaust available state judicial remedies before filing a petition in federal court, reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner is accordingly **DENIED** a certificate of appealability. Leave proceed *in forma pauperis* is, however, **GRANTED** for the purpose of this Order.

**SO ORDERED**, this 15th day of August, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT